UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Cause No. 1:21-cr-49-SEB-DLP |
| KRYSTAL CHERIKA SCOTT, | ) ) |
| Defendant. | ) |

**PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT**

The United States of America, by counsel, John E. Childress, Acting United States Attorney for the Southern District of Indiana, and Tiffany J. Preston, Assistant United States Attorney ("the Government"), and the Defendant, KRYSTAL CHERIKA SCOTT ("the Defendant"), in person and by counsel, Michael J. Donahoe, hereby inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The following are its terms and conditions:

**Part 1: Guilty Plea and Charges**

1. **Plea of Guilty:** The Defendant hereby petitions the Court for leave to enter and agrees to enter a plea of guilty to the following offenses charged in the Indictment:

A. Count 1 which charges that the Defendant committed the offense of Animal Crushing, in violation of Title 18, United States Code, Section 48(a)(1); and

B. Count 2, which charges that the Defendant committed the offense of Animal Crushing, in violation of Title 18, United States Code, Section 48(a)(1).

2. **Potential Maximum Penalties**:

A. **Counts 1 and 2**: This offense is punishable by a maximum sentence of up to 7 years of imprisonment, a $250,000.00 fine, and a term of no more than 3 years' supervised release following any term of imprisonment.

3. **Elements of the Offense:** To sustain the offense to which the Defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt.

**a.** The Defendant knowingly and intentionally engaged in animal crushing which is defined as conduct in which one or more living non-human mammals, birds, reptiles, or amphibians is purposely crushed, burned, drowned, suffocated, impaled, or otherwise subjected to serious bodily injury; and

**b.** The Defendant engaged in the act of animal crushing in or affecting interstate or foreign commerce or within the special maritime and territorial jurisdiction of the United States.

## Part 2:  General Provisions

4. **Sentencing Court's Discretion Within Statutory Range:**  The Defendant agrees and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory range(s) set forth above; (B) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range(s); (C) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range(s); (D) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E) restitution may be imposed; (F) by pleading "Guilty" to more than one offense (Count), the Court may order the sentences to be served consecutively one after another; (G) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; and (H) by  pleading "Guilty," the Court may impose the same punishment as if the Defendant had plead "Not Guilty," had stood trial and been convicted by a jury.

5. **Sentencing Court Not Bound by Guidelines or Recommendations:**  The Defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the Defendant's sentence is within the discretion of the Court.  The Defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory

sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the Defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

6. **Plea Agreement Based on Information Presently Known:** The Defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government. The Government agrees not to bring other federal charges against the Defendant based on information currently known to the United States Attorney for the Southern District of Indiana. The Government will inform the Court and the Defendant at the time of taking the Defendant's plea whether the Government has obtained any information after the Plea Agreement was signed that may warrant bringing other federal charges against the Defendant.

7. **No Protection from Prosecution for Unknown or Subsequent Offenses:** The Defendant acknowledges and agrees that nothing in this agreement shall protect the Defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time. The Defendant further acknowledges and agrees that nothing in this agreement shall protect the Defendant in any way from prosecution for any offense committed after the date of this agreement.

8. **Rights Under Rule 11(b), Fed. R. Crim. P.:** The Defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the Defendant any statement that the Defendant gives under oath during the guilty plea colloquy. The Defendant also understands that the Defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. The Defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court. The Defendant understands that if the Court accepts this plea of guilty, the Defendant waives all of these rights.

## Part 3: Sentence of Imprisonment

9. **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):** The parties have **not** agreed upon a specific sentence. The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.

    A. **Government's Recommendation:** The Government has agreed to recommend a sentence within the applicable Sentencing

---

[1] Title 18, U.S.C. §§ 3141-3156, <u>Release and Detention Pending Judicial Proceedings</u>.

Guidelines' Range as calculated by the Court at the sentencing hearing, provided that the Defendant (i) continues to fully accept responsibility for these offenses and (ii) does not commit a new criminal offense before the date of any sentencing.

B. **Defendant's Recommendation:** The Defendant understands that she is free to advocate for any sentence, including a sentence of probation.

10. **Supervised Release:** Both parties reserve the right to present evidence and arguments concerning the duration of any term of supervised release, and the terms and conditions of the release.

11. **Conditions of Supervised Release:** The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case. The parties reserve the right to present evidence and arguments concerning these conditions.

## Part 4: Monetary Provisions

12. **Mandatory Special Assessment:** The Defendant will pay a total of **$200** on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

13. **Fine:** Parties may argue the issue of the fine.

14. **Obligation to Pay Financial Component of Sentence**: If the Defendant is unable to pay any financial component her sentence on the date of

sentencing, then she agrees that the payment of the financial component should be a condition of supervised release. She has a continuing obligation to pay the financial component of the sentence. She further agrees that as of the date of filing this Plea Agreement she will provide all requested financial information, including privacy waivers, consents, and releases requested by the Government to access records to verify her financial disclosures, to the Government for use in the collection of any fines, restitution, and money judgments imposed by the Court and authorizes the Government to obtain credit reports relating to her for use in the collection of any fines and restitution, and money judgments imposed by the Court. She also authorizes the Government to inspect and copy all financial documents and information held by the United States Probation Office. If she is ever incarcerated in connection with this case, she may participate in the Bureau of Prisons Inmate Financial Responsibility Program.

## Part 5: Factual Basis for Guilty Plea

15. The parties stipulate and agree that the following facts establish a factual basis for the Defendant's pleas of guilty to the offenses set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial.

KRYSTAL CHERIKA SCOTT was a resident of Kokomo, Indiana, which is in the Southern District of Indiana. Person 1 was a resident of the Northern District of Indiana, and was the owner of a living and healthy, non-human animal, namely, a domestic, pregnant cat. Person 2 was a resident of the Southern District of Indiana,

and was the owner of a living and healthy, non-human animal, namely, a domestic kitten.

On the dates set forth below, Persons 1 and 2 placed advertisements on Social Media Application A to find a person to take possession of and permanently care for the pregnant cat and kitten, respectively. Defendant used Social Media Application A to respond to Person 1's and 2's advertisements. Using Social Media Application A, Defendant use trickery and deceit to induce Persons 1 and 2 to tender possession of their domestic animals to Defendant. Namely, Defendant used Social Media Application A to falsely assert that she intended to properly care for the animals and keep them as domestic pets. During Defendant's communications over Social Media Application A to Persons 1 and 2, Defendant used the chat feature to inquire about the health of the animals, and referred to the animals as "baby," "cuties," or "furbaby" to make it appear as though she intended to care for the animals as pets. Using Social Media Application A, Defendant falsely told Person 1 that she would spoil the cat, and Person 1 affirmed that she would love that. Using Social Media Application A, Person 2 told Defendant that all of the kittens were cute, but that they were becoming too much to handle.

Persons 1 and 2 relied on Defendant's false assertions, and agreed to tender possession of their domestic animals to Defendant. Defendant used Social Media Application A to provide a date, time, and location to take possession of the animals from Persons 1 and 2.

In or about June 2020, Defendant took possession of Person 1's pregnant cat, and Person 2's kitten within the Southern District of Indiana. Through Social Media Application A, Persons 1 and 2 gained a person whom they believed would be a willing caregiver for their pets, and who would assume the cost of said caregiving. Through Social Media Application A, Defendant gained possession of the animals she desired to crush. Rather than properly care for the animals as domestic pets, defendant engaged in Animal Crushing, as set forth below.

Defendant used Social Media Application B to post images and videos depicting her acts of Animal Crushing on the internet either during, via live stream, or after her acts of animal crushing occurred. Defendant reacted to comments on Social Media Application B by, for example, providing dates and times of crushing animals and posting pictures of the animals alive before sharing pictures and videos of the animals after they had been crushed.

Social Media Applications 1 and 2 are online social media platforms that deliver communications through an interstate infrastructure. Advertisements placed on the Internet through social media are communications delivered through an interstate infrastructure and are in or affecting interstate commerce.

Defendant used Social Medica Application A to engaged in commerce, by trading, bartering, and engaging in a system of exchange. Namely, Persons 1 and 2 benefitted from finding a caregiver they believed would care for and feed their domestic animals, when they could not, and Defendant gained possession of domestic animals that she needed to engaged in Animal Crushing, and received notoriety by

posting her illegal acts on Social Media Application B. The Defendant committed Counts 1 and 2 in the Southern District of Indiana.

Accordingly, on or about the dates listed below in each separate Count, in the Southern District of Indiana and elsewhere, KRYSTAL CHERIKA SCOTT, the defendant, engaged in animal crushing of a living non-human mammal in or affecting interstate or foreign commerce, as described further in each Count.

| Count | Date of Animal Crushing Act | Interstate Infrastructure Through which Scott Engaged in Commerce | Description of the Animal Crushing Act |
|---|---|---|---|
| 1 | June 13, 2020 | Social Media Application A | Defendant asphyxiated the pregnant cat she acquired from Person 1 by placing a ligature around its neck, and strangling the cat until it died. Defendant then removed the unborn kittens from inside the cat's body, and used Social Media Application B to post a series of images depicting the animal crushing act. |
| 2 | June 18, 2020 | Social Media Application A | Defendant asphyxiated the kitten she acquired from Person 2's by placing a ligature around its neck, and hanging the ligature from a fixed object until it died. Defendant then used Social Media Application B to post a video depicting the animal crushing act, stating, "Little shit was still alive so rehanged it." |

In total, the Defendant crushed approximately five dogs, five cats, and 11 unborn kittens.

16. The parties acknowledge that such facts are only a summary of the Government's evidence. The parties reserve the right to present additional evidence at the time of sentencing, if they so choose, and this paragraph is not intended to foreclose the presentation of such additional evidence.

## Part 6: Other Conditions

17. **Background Information:** The Defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the Defendant for the purpose of imposing an appropriate sentence. The Defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the Defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

18. **Compliance with Federal and State Laws:** The Defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the Defendant abiding by federal and state laws.

## Part 7: Sentencing Guideline Stipulations

19. **Guideline Computations:** The parties reserve the right to present evidence and argument concerning the appropriate advisory Sentencing Guideline range for these offenses. The parties have discussed this computation but have not agreed upon the advisory calculation. They agree that the Court will make this determination.

20. **Acceptance of Responsibility**: To date, the Defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. Based upon the Defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement, the Government agrees that the Defendant should receive a two (2) level reduction *provided* the Defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing.

21. **Timely Acceptance**: The Defendant timely notified the Government of Defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently. After the Defendant enters a plea of guilty, the Government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by one (1) additional level. The parties reserve the right to present evidence and arguments concerning the Defendant's acceptance of responsibility at the time of sentencing.

## Part 8: Waiver of Right to Appeal

22. **Direct Appeal:** The Defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the Defendant expressly waives her right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. She further expressly waives any and all challenges to the statute to which she is pleading

guilty on constitutional grounds, as well as any challenge that the defendant's admitted conduct does not fall within the scope of the applicable statute. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions of supervised release and the amount of any fine.

23. **Later Legal Challenges:** Additionally, the Defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255, <u>except</u> as follows:

> A. **Ineffective Assistance of Counsel:** As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.
>
> B. **Retroactive Sentencing Guidelines Reductions:** As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment. However, if the

Defendant files such a motion, the Government may oppose the motion on any other grounds. Furthermore, should the Defendant seek to appeal an adverse ruling of the district court on such a motion, this waiver bars such an appeal.

C. **Motions for Compassionate Release:** As concerns this Section 3582 waiver, the Defendant reserves the right to file one (and only one) motion seeking a "compassionate release" sentence reduction pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A)(i) based on "extraordinary and compelling reasons" established by the defendant and consistent with U.S.S.G. § 1B1.13 application note 1(A) & (C) (or, in the event of amendment of those U.S.S.G. provisions, the provisions, if any, with the same effect at the time of the filing of the motion for sentence reduction). However, the Defendant waives any right to file more than one motion on that basis. This waiver also bars an appeal from the District Court's decision regarding that motion. The government further reserves the right to oppose any motion for compassionate release on any other grounds.

24. **No Appeal of Supervised Release Term and Conditions:** The Defendant waives the right to appeal the length and conditions of the period of supervised release.

## Part 9: Presentence Investigation Report

25. The Defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

26. The Defendant further requests and consents to the review of the Defendant's Presentence Investigation Report by a Judge, Defendant's counsel, the Defendant, and the Government at any time, including prior to entry of a formal plea of guilty.

## Part 10: Statement of the Defendant

27. By signing this document, the Defendant acknowledges the following:

    A. I have received a copy of the Indictment and have read and discussed it with my attorney. I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Information in open Court, and all further proceedings including my arraignment.

    B. I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment, and believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed, counseled and advised me as to the nature and cause of every

accusation against me and as to any possible defenses I might have in this case.

C. I have read the entire Plea Agreement and discussed it with my attorney.

D. I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

E. Except for the provisions of the Plea Agreement, no officer or agent of any branch of Government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty." I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

F. I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could

do to counsel and assist me and that I fully understand the proceedings in this case against me.

G. I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

H. I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea.

I. I understand that if convicted, a Defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

J. My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

K. My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge,

magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two-level increase in the offense level.

L. If this cause is currently set for trial on the Court's calendar, I request that this date be continued to permit the Court to consider this proposed guilty Plea Agreement. I further understand that any delay resulting from the Court's consideration of this proposed guilty Plea Agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

**Part 11: Certificate of Counsel**

28. By signing this document, the Defendant's attorney and counselor certifies as follows:

A. I have read and fully explained to the Defendant all the accusations against the Defendant which are set forth in the Indictment in this case;

B. To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and Plea Agreement is in all respects accurate and true;

C. The plea of "Guilty" as offered by the Defendant in the foregoing petition to enter plea of guilty and Plea Agreement accords with my understanding of the facts as related to me by the Defendant and is consistent with my advice to the Defendant;

D. In my opinion, the Defendant's waiver of all reading of the Indictment in open Court, and in all further proceedings, including arraignment as provided in Rule 10, Fed. R. Crim. P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

E. In my opinion, the plea of "Guilty" as offered by the Defendant in the foregoing petition to enter plea of guilty and Plea Agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the Defendant as requested in the foregoing petition to enter plea of guilty and Plea Agreement.

## Part 12: Final Provision

29. **Complete Agreement:** The Defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the Defendant to plead guilty. This document is the complete and only Plea Agreement between the Defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the Plea Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOHN E. CHILDRESS
Acting United States Attorney

5/18/2021
DATE

s/Tiffany J. Preston

Tiffany J. Preston
Assistant United States Attorney

5/18/2021
DATE

~~Steven D. DeBrota~~ Nicholas J. Linder
Deputy Chief, MFPICE Unit

05/11/21
DATE

Krystal Cherika Scott
Defendant

5/17/21
DATE

Michael J. Donahoe
Counsel for Defendant