UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, </br> Plaintiff, </br> </br> vs. </br> </br> KRYSTAL CHERIKA SCOTT, </br> Defendant. | ) </br> ) </br> ) </br> ) CAUSE NO. 1:21-cr-00049-SEB-TAB </br> ) </br> ) - 01 </br> ) |

## REPORT AND RECOMMENDATION

On July 29, 2025, the Court held a hearing on the revocation hearing on the Petition for Warrant or Summons for Offender under Supervised Release filed on June 24, 2025, and a hearing on the Supplemental Petition for Warrant or Summons for Offender under Supervised Release filed on July 10, 2025, and order granting Petition on July 17, 2025. [Filing Nos. 69, 70, 80, 81.] Defendant appeared in person with his appointed counsel Bill Dazey. The government appeared by Tiffany Preston, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Tasha Taylor.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

    1.    The Court advised Defendant of her rights and provided her with a copy of the Petitions. Defendant orally waived her right to a preliminary hearing on the Supplemental Petition.

    2.    After being placed under oath, Defendant admitted violation numbers 1, 2, 3, and 4. Government orally moved to withdraw the remaining violation number 5, which motion was granted by the Court. [Filing Nos. 69, 70, 80, 81.]

3. The allegation(s) to which Defendant admitted, as fully set forth in the petition, is/are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change."** |
| | On May 29, 2025, the probation officer made contact with Ms. Scott at a tent near 905 Buchanan Street at a homeless camp where she was residing. Sometime thereafter, approximately around the week of June 16, 2025, she left this location and began living in as U-Haul van with other individuals and animals. However, she never notified the probation officer of her whereabouts. |
| 2 | **"You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer."** |
| | Ms. Scott is not currently participating in mental health treatment as required. She last informed the probation officer she had an appointment scheduled with her treatment provider on April 21, 2025. On June 23, 2025, the probation officer inquired about her status with mental health treatment, which she admitted she could not recall the last time she had participated in treatment. She also could not recall the last time she had taken any prescribed psychotropic medications. |
| 3 | **"You shall not have any non-incidental contact with animals."** |
| | On June 20, 2025, the probation officer received information from a person in the community indicating Ms. Scott had a Facebook page under the alias name of Teal Serain in which she posted she was attempting to recover three dogs she had lost. In this same post, reportedly, the offender indicated she had to put one of her dogs down recently. As the citizen found a dog and |

believed it may have been the offender's, she eventually met up with the offender and returned the dog.

On June 24, 2025, the offender was confronted by the probation officer and admitted she had a Facebook page in which she made a post in an attempt to recover lost dogs. She indicated she used this Facebook page to help her friend recover the lost dog as indicated above..

4 **"You shall not have any non-incidental contact with animals."**

On June 21, 2025, the probation officer received information from an officer from the Indianapolis Metropolitan Police Department (IMPD) indicating Ms. Scott was stopped in a U-Haul van with two other individuals. There were approximately twelve dogs and cats inside the van and reportedly it smelled of a decomposing material. IMPD officers and Animal Control authorities had been provided with a video from a concerned citizen of a deceased dog in a trash bag with its stomach hanging out of the body cavity. The dog had been located at a homeless camp near a tent where the offender had been staying. Although a deceased animal was not located in the van at the time of the aforementioned traffic stop, it is noted the animals were reportedly dehydrated, malnourished, and were in a large amount of fecal matter. Ms. Scott was issued twelve citations under Case Number 49D33-2506-OV-021287 in Marion County, Indiana, for 531-401 Care and Treatment, Violation/OI. These citations are pending.

On June 23, 2025, the offender was confronted by the probation officer. She admitted being in a U-Haul van with two adults and the twelve animals. Due to her homeless status, she informed the probation officer she had been living in the van with the individuals and animals, and further advised two of the dogs belonged to her. Regarding the dog referenced in the video, she claimed she was aware her friend "put the dog down" because it was aggressive.

4. The parties stipulated that:

(a) The highest grade of violation is a Grade C violation.

(b) Defendant's criminal history category is I.

(c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 3 to 9 months imprisonment.

5.     The parties jointly recommended a sentence of 18 months imprisonment with 3 years of supervised release to follow including 180 days of residential reentry placement.  The parties have also added paragraph 21 below as a condition upon her release.

The Magistrate Judge, considering the factors in 18 U.S.C. § 3553(a) and  § 3583(e), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that her supervised release should be revoked, and that she should be sentenced to the custody of the Attorney General or her designee for a period of 18 months of  imprisonment and 3 years supervised release to follow, including 180 days of residential reentry placement. The Magistrate Judge recommends placement at Federal Correctional Institute – Pekin, Illinois.

In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the federal judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the federal judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job

responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full-time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.
Justification: Conditions 1-13 are administrative in nature and will assist the probation officer in effectively monitoring the offender within the community.

14. You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.
Justification: Given the offender's history of mental illness, this condition will assist the probation officer in making any necessary treatment referrals.

15. You shall not engage in any employment or volunteer activity, including community service work, involving animals.

16. You shall not have any non-incidental contact with animals.

17. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the

seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.
Justification: Due to the nature of the instant offense, conditions 15-17 are recommended to assist the probation officer in enforcing community safety, and will also help to hold the offender accountable.

18. You shall pay the costs associated with the following imposed conditions of supervised release, to the extent you are financially able to pay: mental health evaluation and treatment. The probation officer shall determine your ability to pay and any schedule of payment.
Justification: Condition 18 is recommended as it will help Ms. Scott to be invested in her own treatment and recovery.

19. You shall not have any contact with your father.
Justification: Given Ms. Scott's father's history of sexual abuse against her, it is recommended she have no contact with him.

20. You shall reside in a residential reentry center for a term of up to 180 days. You shall abide by the rules and regulations of the facility.
Justification: Since the commencement of her term of supervised release, Ms. Scott has struggled with stable housing. Therefore, this condition is recommended to assist her with obtaining housing stability.

21. You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment.
JUSTIFICATON: Given the nature of the violation conduct which involved Ms. Scott acquiring animals via social media, allegedly in an attempt to harm them, this condition will assist the probation officer in monitoring her activities on various social media sites, as well as add a protective measure to the community

    Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

    The parties waived the fourteen-day period to object to the Report and Recommendation.

Date: 7/29/2025

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system